BEFORE THE FIRST DIVISION, MAY 5, 1953

**No. 57299.—Globe Watch Strap Corp. v. United States, protest 181554–K (New York)..**

OLIVER, Chief Judge: This case relates to merchandise, described on the invoice as "Leather cowboys belts," which was assessed with duty at the rate of 70 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930 for "all other toys, and parts of toys, not specially provided for."

Plaintiff makes several claims, the principal one being for classification under the provision for "Belts designed to be worn on the person" in paragraph 1531, as modified by T. D. 51802, carrying a dutiable rate of 17½ per centum ad valorem. It is alternatively claimed that the merchandise is classifiable under the said modified paragraph 1531 either as belts not designed to be worn on the person, with duty assessment at the rate of 20 per centum ad valorem, or as manufactures of leather, not specially provided for, carrying a dutiable rate of 17½ per centum ad valorem.

A sample of the merchandise in question is in evidence (plaintiff's exhibit 1). It consists of a black belt about 3 inches wide, trimmed with white. A white leather strap, attached at one side, has holes punched for fastening the metal buckle that is attached to the other side of the belt. The overall length of the article is approximately 31 inches. A small white strap, 3 inches in length, is looped and sewed to each side. Extending down from the belt and secured thereto by means of small rivets are two holsters. Metal studs and colored plastic buttons decorate the article. The parties stipulated that leather is the component material of chief value.

Three witnesses testified herein; one on behalf of plaintiff and two for the defendant. Their combined statements present no dispute as to the facts. It is fairly established by their testimony that the merchandise in question is recognized as "leather cowboy sets," consisting of a belt and two holsters attached thereto by means of small metal rivets; that it is sold to toy stores, department stores, and chain stores; that they add two metal toy guns to the imported article and put the entire collection in a box for sale to consumers. The uncontradicted testimony further shows that the article in question is exclusively used by children in playing "cowboy games," and that in such games the child wears the belt and usually has a toy gun for each holster and wooden bullets that are held in the looped straps in the belt. The testimony of the witnesses, concerning the

availability of the present merchandise for utilitarian use, can be summed up in the statement of the president of the plaintiff corporation who said, "I don't believe that this belt would serve to hold the trousers."

The statutory definition of a "toy," which governs the issue herein, reads as follows (paragraph 1513, *supra*):

* * * As used in this paragraph the term "toy" means an article chiefly used *for the amusement of children*, whether or not also suitable for physical exercise or for mental development. [Italics supplied.]

Counsel for plaintiff, in his brief, contending that the present merchandise is excluded from the foregoing definition, argues that:

* * * it is not an article *furnishing amusement to the child* in the way the toy pistol does or a ball or a game does. The child does not play with the belt, but simply wears it and plays with the pistol. In its condition as imported, a leather belt with attached holsters, the article is not bought or sold as a toy but is combined with a pistol or pistols before being put on sale. [Italics supplied.]

Plaintiff's reasoning is not consistent with judicial interpretation. In the case of *United States* v. *Calhoun Robbins & Co.*, 21 C. C. P. A. (Customs) 167, T. D. 46495, the court, referring to the tariff definition of a "toy," stated as follows:

* * * In construing the language of the toy paragraph, *supra*, however, its full import is not determined in the ascertainment of *by* whom an article is chiefly used; it is necessary also to consider *for* what purpose it is used. So far as the statute is concerned, an article might be a toy without ever being actually used by a child, but, to be one, it must be chiefly used *for* the amusement of children. [Italics quoted.]

The same statutory construction was followed in the case of *United States* v. *F. W. Woolworth Co.*, 24 C. C. P. A. (Customs) 338, T. D. 48770, wherein the court said:

* * * A mere showing that the balls are chiefly used *by* children does not of itself mean that they should be classified as toys. The paragraph requires consideration of the purpose for which they are chiefly used, and that purpose must be "chiefly * * * for the amusement of children," if they are to be held classifiable as toys. The fact that a particular article may be used chiefly by children does not render it a toy. The statute requires that the use be chiefly for the amusement of children. If chief use for the purpose of amusement be properly deducible from all the facts and circumstances of record, then it would be immaterial that the balls are suitable also for physical exercise. [Italics quoted.]

Analyzing the tariff definition of a "toy" in the light of the pronouncements in the two cited cases, it is clear that the phase of that definition which is controlling of the present issue is the statutory language "for the amusement of children."

The undisputed testimony, coupled with the sample of the present merchandise, makes a positive record that the article in question, a combined belt and holster, has no other use than for the amusement of children. While it is worn by children, it cannot be considered by any stretch of the imagination as an item of clothing or something associated therewith. The article under consideration is essentially a plaything, exclusively used by children for their amusement, and, as such, is within the class of merchandise covered by the provision for "all other toys, and parts of toys, not specially provided for," in paragraph 1513, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.