BEFORE THE SECOND DIVISION, JUNE 5, 1959

**No. 63138.**—Berry Pink Industries, Inc. *v.* United States, protest 321203–K (Baltimore).

FORD, Judge: The merchandise covered by the protest under consideration herein was described on the invoices as "Cloth Drawstring Bags" and was classified by the collector of customs under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessed with duty at the rate of 45 per centum ad valorem. Paragraph 1529(a) of the Tariff Act of 1930, before such modification, contains the following pertinent provisions:

\* \* \* braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; \* \* \* all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph \* \* \* 1513, \* \* \*), \* \* \*, 90 per centum ad valorem. \* \* \*

Plaintiff makes several claims in the protest, the principal one being for classification under the provision in paragraph 1513 [1] of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Toys, not specially provided for:

*  *  *  *  *  *  *

Other * * * _____ 35% ad val.

It is not disputed by plaintiff that the imported merchandise consists of a cotton bag which contains a braided drawstring. A sample of the merchandise was received in evidence as plaintiff's exhibit 1. Although plaintiff does not deny that exhibit 1 is in part of braid, and an examination of said exhibit confirms this, it is contended that said merchandise is excepted from the provisions of paragraph 1529(a), as modified, supra, if it is in fact properly classifiable under paragraph 1513 of the Tariff Act of 1930, as modified, supra, as claimed.

The president of the plaintiff company testified that his company is engaged in the manufacture of glass toy marbles for children and that exhibit 1 with the design stenciled thereon was purchased by him for plaintiff for use in selling toy marbles. The witness further testified that he has sold marbles to various chainstores in these bags and that the bags have also been sold without marbles; that he has visited various recreation areas and playgrounds and seen children using these marble bags; that the children place marbles in the bag or take the marbles out to use them and usually swing the bag on their arm when carrying it; that he has not seen the imported marble bags used by anyone other than children; and that, in his opinion, their only use was for the amusement of children and they could not be used for any other purpose, because of the design on the front of the bag.

The evidence adduced herein establishes without contradiction that the involved merchandise is an article chiefly used by children. In the case of United States v. Calhoun, Robbins & Co., 21 C.C.P.A. (Customs) 167, T.D. 46495, the court, in referring to the tariff definition of "toy," stated as follows:

* * * In construing the language of the toy paragraph, supra, however, its full import is not determined in the ascertainment of by whom a article is chiefly used; it is necessary also to consider for what purpose it is used. So far as the statute is concerned, an article might be a toy without ever being actually used by a child, but, to be one, it must be chiefly used for the amusement of children. [Italics quoted.]

Subsequently, in the case of United States v. F. W. Woolworth Co., 24 C.C.P.A. (Customs) 338, T.D. 48770, a similar construction was given to the definition of the term "toy," as used in paragraph 1513, Tariff Act of 1930.

There is no question the involved marble bags are used by children, but, in our opinion, they are merely used as an adjunct to the game of marbles played by children and are not in and of themselves used for their amusement. It is the marbles for the game played by the children which are used for their amusement. As indicated in the Calhoun, Robbins case, supra, it is not solely a question of "by" whom an article is chiefly used, but it is necessary also to consider "for" what purpose it is used. In view of the pronouncements in the two cited cases, it is clear that the definition of the phrase "for the amusement of children" is controlling in the present issue.

Counsel for the plaintiff cites the case of Globe Watch Strap Corp. v. United States, 30 Cust. Ct. 440, Abstract 57299, wherein certain leather cowboy belts,

[1] Paragraph 1513, Tariff Act of 1930, sets forth this definition of the term "toy":

* * * an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. * * *

with two holsters attached, but which did not contain two guns, were held to be toys in spite of the argument of the importer therein that the children played with the guns and not the belt and holsters. We are in agreement with the holding in the *Globe Watch Strap* case, *supra*. However, we believe that case to be distinguishable from the instant case. It is a matter of common knowledge, of which the court may take judicial notice, that children wear the belt and holsters and whether or not they contain the guns, the children are identifying themselves as cowboys. Accordingly, in the *Globe Watch Strap* case, the belt and holster in and of itself is for the amusement of children.

The marble bag involved in the instant case is without question used by children but not for their amusement. These bags are merely containers for the marbles and do not constitute toys, as that term is defined in paragraph 1513 of the Tariff Act of 1930, *supra*. To extend this definition to the involved articles would permit any container for toys, such as a toy box used to store toys, to fall within the definition of the term "toy."

In view of the foregoing and based upon the record, we, therefore, overrule the protest. Judgment will be rendered accordingly.