BEFORE THE SECOND DIVISION, MAY 9, 1960

**No. 64143.—Berry Pink Industries, Inc. v. United States, protest 321203-K (Baltimore).**

FORD, Judge: This case is now before us on rehearing, after oral argument, having originally been decided in *Berry Pink Industries, Inc. v. United States,* 42 Cust. Ct. 405, Abstract 63138. The merchandise consists of certain cloth drawstring bags, which were classified by the collector of customs under the provisions of paragraph 1529 (a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

It was the contention of plaintiff in the case, as originally before us, that said bags, although admittedly in part of braid, were properly dutiable at the rate of 35 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by said Torquay Protocol to the General Agreement on Tariffs and Trade, *supra,* for other toys, not specially provided for. This was based upon the premise that, by virtue of the limiting provision contained in paragraph 1529, items ordinarily dutiable thereunder may be classified under paragraph 1513 of the Tariff Act of 1930. It is now the position of plaintiff herein that, by virtue of the provision for "toy containers" in paragraph 1513 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, the involved cloth bags are properly dutiable at the rate of 35 per centum ad valorem under said provision.

At the oral argument, counsel for plaintiff admitted that, in order for the involved merchandise to be properly dutiable as a toy container, it must be, in fact, a toy. We are of the opinion that this is in fact the law as stated in the cases of *United States v. The Halle Bros. Co.,* 20 C.C.P.A. (Customs) 281, T.D. 46077, and *S. E. Laszlo v. United States,* 27 C.C.P.A. (Customs) 152, C.A.D. 76.

In view of the foregoing, in order for plaintiff to prevail, the imported cloth bags, which the record establishes were utilized chiefly by children to hold their marbles, must be articles chiefly used for the amusement of children, as set forth in the definition of the term "toy," contained in paragraph 1513 of the Tariff Act of 1930. In our original decision, *supra,* after citing the cases of *United States v. Calhoun, Robbins & Co.,* 21 C.C.P.A. (Customs) 167, T.D. 46495, and *United States v. F. W. Woolworth Co.,* 24 C.C.P.A. (Customs) 338, T.D. 48770, we held that it was not solely a question of "by" whom an

article was chiefly used, but it was also necessary to consider "for" what purpose it was used.

We adhere to our position in our original decision that the involved cloth bags are not toys within the purview of paragraph 1513 of the tariff act and, consequently, they cannot be toy containers within the purview of said paragraph 1513 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, *supra*.

The protest is, accordingly, overruled. Judgment will be rendered accordingly.